UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICOLE RENEE CROSBY,<br><br>    Plaintiff,<br><br>v.<br><br>CANDICE SUE BEADZ,<br><br>    Defendant. | Case No. 1:25-cv-00653-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## INTRODUCTION

Pending before the Court is Plaintiff Nicole Renee Crosby's In Forma Pauperis Application (Dkt. 1) and Complaint (Dkt. 2). Pursuant to 28 U.S.C. § 1915, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time, this Court must review Crosby's request to determine whether she is entitled to proceed in forma pauperis. The Court must also undertake an initial review of Crosby's complaint to ensure it meets minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons below, the Court denies Crosby's In Forma Pauperis Application and dismisses her Complaint without prejudice, and grants Crosby leave to amend her complaint.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets the plaintiff possesses and that indicates the plaintiff is unable to pay the fee required. *Id.* The affidavit is sufficient if it states that the plaintiff, because of poverty, cannot "pay or give security for the costs" and still be able to provide the "necessities of life" for the plaintiff and any dependents. *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has reviewed Crosby's application to proceed in forma pauperis. The application is incomplete and does not provide sufficient information for the Court to determine whether Crosby qualifies for IFP status.

First, Crosby states she receives $678 in disability or worker's compensation payments but does not specify whether this amount is received weekly, biweekly,

monthly, or on some other basis. Second, regarding assets she owns—such as automobiles, real estate, stocks, or jewelry—Crosby states only that she owns "stones, writings, lands, houses" without providing any information about their nature or value. Third, the application lacks essential financial information, including her employment history, cash on hand or in checking or savings accounts, outstanding debts, and monthly expenses.

Without this information, the Court cannot determine whether Crosby qualifies to proceed in forma pauperis. Accordingly, the Court denies her application without prejudice. Crosby may resubmit a complete application or pay the full filing fee within twenty-one days of entry of this order.

## SUFFICIENCY OF THE COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state an actionable claim, a plaintiff must plead sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The Court liberally construes pro se pleadings to determine whether a claim, however inartfully pleaded, has an arguable factual and legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Even liberally construed, Crosby's complaint fails to state a cognizable claim. Crosby identifies "No Habeaus Corpus/Harrasment" as the basis for federal jurisdiction but does not specify any federal statute, treaty, or constitutional provision at issue. Compl., Dkt. 2 at 3. For her factual allegations, she states only that in "2022 & 2023" she was "put in blackfoot Hospital" and that "all charges ended up getting dismissed & commitments terminated." *Id.* at 4. She names one defendant, Candice Sue Beadz, but does not identify who this person is or describe any conduct that could give rise to liability. For relief, she requests "a million dollars." *Id.*

These allegations are insufficient to establish federal jurisdiction. Habeas corpus relief is unavailable in a civil damages action against a private individual. To the extent Crosby seeks relief under 42 U.S.C. § 1983 or another federal civil rights statute, she must allege that the defendant acted under color of state law—an element entirely absent from her complaint. *See Elam v. Kaiser Found. Health Plan Inc.*, 312 F. App'x 878, 879 (9th Cir. 2009) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Because both Kaiser and Local 29 are private entities, the district court also correctly dismissed Elam's First Amendment claims.")

The complaint also cannot proceed under the Court's diversity jurisdiction because both Crosby and the defendant appear to be Idaho citizens. *See* 28 U.S.C. § 1332; *Compl.*, Dkt. 2 at 3. Although the Court construes pro se pleadings liberally, it cannot supply essential elements of a claim that are wholly absent from the pleading. *See Sokolsky v. Wilson*, 232 F.3d 896 (9th Cir. 2000) (citing *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

## ORDER

**IT IS ORDERED:**

1. Plaintiff Nicole Renee Crosby's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **DENIED WITHOUT PREJUDICE**.

    a. Crosby may file an updated in forma pauperis application that includes credible or plausible information regarding her income, expenses, and other factors bearing upon her ability to pay the filing fee, or she may pay the full filing fee.

    b. Any future in forma pauperis application must be filed within twenty-one (21) days of the issuance of this Order.

    c. Failure to submit an updated application or pay the full filing fee within twenty-one days of this Order will result in dismissal of this case with prejudice and without further notice.

2. Plaintiff Nicole Renee Crosby's Complaint (Dkt. 2) is **DISMISSED WITHOUT PREJUDICE**. Crosby may file an Amended Complaint that corrects the deficiencies the Court has identified in this Order.

    a. Crosby must file her Amended Complaint within twenty-one (21) days of the issuance of this Order.

    b. Failure to submit an Amended Complaint within the ordered timeframe will result in full dismissal of this case with prejudice and without further notice.



DATED: December 8, 2025

_____
B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7